# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

| | |
|---|---|
| AMERICAN CONTRACTORS INDEMNITY COMPANY | PLAINTIFF/COUNTER DEFENDANT |
| v. | CIVIL NO. 1:18CV297-HSO-JCG |
| REFLECTECH, INC.; J & L PROPERTIES, LLC; LARRY R. WILLIAMSON; JANICE C. WILLIAMSON | DEFENDANTS/COUNTER CLAIMANTS/THIRD-PARTY PLAINTIFFS/COUNTER DEFENDANTS |
| v. | |
| CENTURY CONSTRUCTION & REALTY, INC. | THIRD-PARTY DEFENDANT/ COUNTER CLAIMANT |

## ORDER GRANTING CENTURY CONSTRUCTION & REALTY, INC.'S UNOPPPOSED MOTION [29] TO COMPEL ARBITRATION AND STAY PROCEEDINGS

BEFORE THE COURT is Third-Party Defendant/Counter Claimant Century Construction & Realty Inc.'s ("Century") Motion [29] to Compel Arbitration and Stay Proceedings of all third-party and counter claims by and between it and Third-Party Plaintiffs/Counter Defendants[1] ReflecTech, Inc., J & L Properties, LLC, Larry R. Williamson, and Janice C. Williamson. Third-Party Plaintiffs/Counter Defendants have not filed a response to Century's Motion [29] and the time for

---

[1] Third-Party Plaintiffs/Counter Defendants are also the Defendants and Counter Claimants in this action, having asserted counter claims against Plaintiff American Contractors Indemnity Company.

1

doing so has passed. As such and because the Court finds that there is a valid and binding arbitration agreement between the parties, the Court will grant Century's Motion [29] to Compel Arbitration and will stay proceedings between the abovementioned parties. The claims between Third-Party Plaintiffs/Counter Defendants and Century will be referred to arbitration. The remainder of the case will proceed.

I. BACKGROUND

On September 10, 2018, Plaintiff American Contractor Indemnity Company ("ACIC") filed a Complaint in this Court against Defendants ReflecTech, Inc., J & L Properties, LLC, Larry R. Williamson, and Janice C. Williamson (collectively "Third-Party Plaintiffs") on the basis of diversity jurisdiction under 28 U.S.C. § 1332. Compl. [1]. According to the Complaint [1], ACIC entered into a General Indemnity Agreement for the issuance of performance bonds to ReflecTech, Inc. ("ReflecTech"),[2] which were intended to guarantee payment to ReflecTech's suppliers and subcontractors. *Id.* ReflecTech allegedly defaulted on a Subcontract [29-1] it entered into with Century Construction & Realty, Inc. ("Century"). Century terminated the Subcontract and demanded payment on the performance bonds from ACIC. *Id.* ACIC paid the bonds and now seeks indemnification from Third-Party Plaintiffs for the claims it paid and any associated costs it incurred as a result of ReflecTech's default. *Id.*

On February 13, 2019, Third-Party Plaintiffs ReflecTech, Inc., J & L

---

[2] Each Third-Party Plaintiff signed the General Indemnity Agreement [1-1] and agreed to indemnify ACIC in the event of default.

2

Properties, LLC, Larry R. Williamson, and Janice C. Williamson filed an Amended Answer [19], in which they assert third-party claims against Century and counter-claims against ACIC. Am. Answer [19]. Third-Party Plaintiffs allege that ACIC breached the General Indemnity Contract between them and that RelfecTech did not default on its Subcontract with Century. *Id.* Third-Party Plaintiffs advance third-party claims against Century for: (1) breach of the Subcontract; (2) negligent supervision and inspection regarding others' work in relation to ReflecTech's work under the Subcontract; (3) negligent and fraudulent misrepresentation in asserting Century's claim on the ACIC bond; (4) breach of good faith and fair dealing owed to ReflecTech under the Subcontract; and (5) breach of constructive trust. *Id.*

In response, Century filed the instant Motion [29] to Compel Arbitration and filed an Answer [31], in which Century asserted counterclaims against Third-Party Plaintiffs for enforcement of the arbitration agreement and breach of the Subcontract. Century Answer [31]; Subcontract [29-1] at 5. Century argues that Third-Party Plaintiffs' claims against it are subject to arbitration, pursuant to the written agreement to arbitrate contained in the Subcontract. Mot. [29]; Mem. in Support [30]. The Subcontract's arbitration clause reads:

> If any question of fact shall arise under this subcontract, and there is no provision for settlement in the Contract Documents, then the Contractor, at its sole election, may demand an arbitration by reference to the Construction Industry Arbitration Rules as administered by the American Arbitration Association.

Subcontract [29-1].[3] Century asks that the Court compel arbitration of all

---

[3] *See Pridgen v. Green Tree Fin. Servicing Corp.*, 88 F. Supp. 2d 655, 659 (S.D. Miss. 2000) (holding that arbitration clause allowing only one party to submit claims to arbitration at

3

claims between Third-Party Plaintiffs and Century, and that the Court stay only those claims subject to arbitration. Mem. in Support [30] at 9-10. Neither Third-Party Plaintiffs nor ACIC have responded to Century's Motion [29], and the time for doing so has passed.

II. DISCUSSION

A.  Third-Party Plaintiffs' failure to respond

Local Uniform Civil Rule 7(b)(3) provides that where a party fails to timely respond to any non-dispositive motion, "the Court may grant the motion as unopposed." L.U. Civ. R. 7(b)(3); *John v. Louisiana*, 757 F.2d 698, 707-10 (5th Cir. 1985) ("[A]lthough we have endorsed the adoption of local rules that require parties to file responses to opposed motions, we have not approved the automatic grant, upon failure to comply with such rules, of motions that are dispositive of the litigation."). Here, Century's Motion [29] to Compel Arbitration and Stay Proceedings is unopposed as Third-Party Plaintiffs have not responded within the time prescribed by Local Rule 7.

Although the Fifth Circuit has not decided whether a motion to compel arbitration is dispositive or non-dispositive, other circuit courts and district courts in this Circuit to have considered the issue have held such a motion to be non-dispositive. *Lee v. Plantation of La., L.L.C.*, 454 F. App'x 258, 360 (5th Cir. 2011) (declining to decide); *see Virgin Islands Water & Power Auth. v. Gen. Elec. Int'l Inc.*, 561 F. App'x 131, 133-34 (3d Cir. 2014) (concluding that motions to compel

---

its choosing was not substantively unconscionable under Mississippi law); *McKenzie Check Advance of Miss., LLC v. Hardy*, 866 So. 2d 446, 453 (Miss. 2004).

arbitration are non-dispositive); *PowerShare, Inc. v. Syntel, Inc.*, 597 F.3d 10 (1st Cir. 2010) (concluding same); *see also Adams v. Energy Transfer Partners*, No. 2:16-CV-400, 2017 WL 2347425, at *1 (S.D. Tex. May 30, 2017) (collecting cases); *Am. Gen. Life Ins. Co. v. Harper*, 3:15cv605 (S.D. Miss. Apr. 20, 2016) (granting motion to compel arbitration on merits, but noting that Rule 79(b) allows Court to grant motion as unopposed). Resolving this question is unnecessary, however, as the Court finds that the Motion [29] should be granted on the merits.

B. <u>The merits of Century's Motion</u>

The Federal Arbitration Act ("FAA") provides that a written provision in any contract "evidencing a transaction involving commerce to settle" a controversy that arises from the agreement by arbitration "shall be valid, irrevocable, and enforceable." 9 U.S.C. § 2.[4] A court must grant a movant a stay where a party has commenced a suit "upon any issue referable to arbitration under an agreement in writing for such arbitration." *Id.* § 3.

In determining whether to grant a motion to arbitrate, courts first determine "whether the parties agreed to arbitrate the dispute." *Fleetwood Enters., Inc. v. Gaskamp*, 280 F.3d 1069, 1073 (5th Cir. 2002). Courts make this determination

---

[4] Although the FAA applies here because the contract involves interstate commerce, the clause is also valid and enforceable under Mississippi law. Miss. Code Ann. § 11-15-101-143; *Harrison Cty. Commercial Lot, LLC v. H. Gordon Myrick, Inc.*, 107 So. 3d 943, 957-60 (Miss. 2013); *see Del E. Webb Const. v. Richardson Hosp. Auth.*, 823 F.2d 145, 147 (5th Cir. 1987) (holding that construction contract involving two in-state entities nonetheless entailed interstate commerce), overruled on other grounds by *Green Tree Fin. Corp. v. Bazzle*, 539 U.S. 444 (2003); *Univ. Nursing Assocs., PLLC v. Phillips*, 842 So. 2d 1270, 1276 n.6 (Miss. 2003) (noting that Mississippi courts follow federal case law interpreting the FAA and apply it to cases even where the FAA is inapplicable). As such, the Court would alternatively compel arbitration under Mississippi law.

5

based upon "ordinary state-law principles that govern the formation of contracts." *Id.* (citation omitted). Second, courts determine "whether legal constraints external to the parties' agreement foreclosed the arbitration of those claims." *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 628 (1985).

1. Agreement to arbitrate

Turning to the first inquiry, to determine whether the parties agreed to arbitrate, the Court must ask: "(1) whether there is a valid agreement to arbitrate between the parties; and (2) whether the dispute in question falls within the scope of that arbitration agreement." *Will-Drill Res., Inc. v. Samson Res. Co.*, 352 F.3d 211, 214 (5th Cir. 2003) (internal quotations omitted).

a. Validity of Agreement

The Subcontract between Century and ReflecTech contains a valid agreement between the parties to arbitrate, upon demand by Century, any questions of fact which arise under the Subcontract where "there is no provision for settlement in the Contract Documents." Subcontract [29-1]; *see Woodruff v. Thames*, 143 So. 3d 546, 554 (Miss. 2014); *Fleetwood*, 280 F.3d at 1073 (stating that state law determines an arbitration agreement's validity). Based upon the record, the Court finds the Agreement is valid.

b. Scope of Agreement

Courts "resolve doubts concerning the scope of coverage of an arbitration clause in favor of arbitration." *Pennzoil Expl. & Prod. Co. v. Ramco Energy Ltd.*, 139 F.3d 1061, 1067 (5th Cir. 1998). "[A]rbitration should not be denied 'unless it

6

can be said with positive assurance that an arbitration clause is not susceptible of an interpretation which would cover the dispute at issue.'" *Id.* (quoting *Neal v. Hardee's Food Sys., Inc.*, 918 F.2d 34, 37 (5th Cir. 1990)) (internal citations omitted). The Fifth Circuit has distinguished between broad and narrow arbitration clauses. *Id.*

Here, the relevant arbitration clause encompasses "questions of fact [ ] aris[ing] under" the Subcontract. Arbitration clauses that only cover disputes "arising under" an agreement have been held to be narrow in scope and to only encompass claims that "literally 'arise under the contract.'" *Id.*; *United Offshore Co. v. S. Deepwater Pipeline Co.*, 899 F.2d 405, 410 (5th Cir. 1990).

In determining whether a party's claim "arises under" a contract, the Court's inquiry is "not guided by the legal labels attached to the plaintiffs' claims; rather, it is guided by the factual allegations underlying those claims." *Harvey v. Joyce*, 199 F.3d 790, 795 (5th Cir. 2000). Courts ask whether a party's claim or claims are "so interwoven with the contract that [the claim(s)] could not stand alone." *Dr. Kenneth Ford v. NYLCare Health Plans of Gulf Coast, Inc.*, 141 F.3d 243, 250 (5th Cir. 1998).

Here, Third-Party Plaintiffs' claim and Century's counter claim for breach of the Subcontract literally arise under the Subcontract. Third-Party Plaintiffs' claims for negligent supervision and inspection as well as for breach of constructive trust, and for breach of the duty of good faith and fair dealing, are based upon duties allegedly owed and breached by Century under the Subcontract. *See Coffman v. Provost * Umphrey Law Firm, L.L.P.*, 161 F. Supp. 2d 720 (E.D. Tex. 2001) (holding

that breach of fiduciary duty claim and breach of good faith and fair dealing arise under contract where based in part on breach of contract).

Under the sparse factual allegations provided by Third-Party Plaintiffs, their claims for negligent and fraudulent misrepresentation in Century failing to provide, and/or fraudulently providing incorrect, information "in asserting its claim on the Bond" are "so interwoven with the contract that [they] could not stand alone." Am. Answer [19] at 4-5; *Ford*, 141 F.3d at 250; *see Holland v. Peoples Bank & Trust Co.*, 3 So. 3d 94, 101 (Miss. 2008). As such, the Court finds that all of the claims by and between Third-Party Plaintiffs and Century arise under the Subcontract and thus fall within the scope of the arbitration provision. *See id.*; *Papalote Creek II, LLC v. Lower Colo. River Auth.*, 918 F.3d 450, 456-57 (5th Cir. 2019).

2. <u>Absence of legal constraints foreclosing arbitration</u>

The parties have not pointed to, and the Court is unaware of, any legal constraints which would foreclose arbitration of the parties' claims. *Mitsubishi*, 473 U.S. at 628. However, RelfecTech is the only Third-Party Plaintiff who is a signatory to the Subcontract. As such, the Court must determine whether the nonsignatory Third-Party Plaintiffs may nonetheless be compelled to arbitrate their claims against Century.

3. <u>Application of direct-benefit estoppel</u>

Century asserts that although RelfecTech was the only other signatory to the Subcontract, the non-signatory Third-Party Plaintiffs, J & L Properties, LLC, Larry R. Williamson, and Janice C. Williamson, should be estopped from denying the

8

Subcontract's arbitration clause based upon a theory of direct-benefit estoppel. Mem. in Support [30] at 9, 9 n.3. A "non-signatory party may be bound to an arbitration agreement if so dictated by the ordinary principles of contract and agency." *Miss. Care Ctr. of Greenville, LLC v. Hinyub*, 975 So. 2d 211, 216 (Miss. 2008) (quoting *Wash. Mut. Fin. Group, LLC v. Bailey*, 364 F.3d 260, 266 (5th Cir. 2004)). "Direct-benefit estoppel involve[s] non-signatories who, during the life of the contract, have embraced the contract despite their non-signatory status, but then, during litigation, attempt to repudiate the arbitration clause in the contract." *Noble Drilling Servs., Inc. v. Certex USA, Inc.*, 620 F.3d 469, 473 (5th Cir. 2010) (internal citation omitted). A non-signatory embraces a contract containing an arbitration clause "(1) by knowingly seeking and obtaining 'direct benefits' from that contract; or (2) by seeking to enforce the terms of that contract or asserting claims that must be determined by reference to that contract." *Id.* (quotation omitted).

The non-signatory Third-Party Plaintiffs' claims against Century "must be determined by reference" to and are directly dependent upon the Subcontract, which contains the arbitration clause. *Id.*; *see Scruggs v. Wyatt*, 60 So. 3d 758, 771 (Miss. 2011). As such, the non-signatory Third-Party Plaintiffs are estopped from denying the terms of the arbitration provision contained in the Subcontract. *See Bailey*, 364 F.3d at 267-68 (a nonsignatory was bound by an arbitration provision because "the factual basis of each of her claims" arose from "her husband's loan and credit insurance transactions[,]" to which the arbitration provision applied).[5]

---

[5] *Cf. Pinnacle Trust Co., L.L.C. v. McTaggart*, 152 So. 3d 1123, 1129 (Miss. 2014) (finding that because nonsignatory party's claims survive without any reference to the agreement

9

The Court will grant Century's Motion [29] to Compel Arbitration, and will stay the proceedings as to the third-party and counter claims asserted by and between Century and Third-Party Plaintiffs. 9 U.S.C. § 3 ("[U]pon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, [the Court in which a suit is pending] shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement . . . ."). The claims by and between ACIC and Third-Party Plaintiffs will proceed. *See Waste Mgmt., Inc. v. Residuous Indus. Multiquim, S.A. de C.V.*, 372 F.3d 339, 342, 345 (5th Cir. 2004).

### III. CONCLUSION

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, Third-Party Defendant/Counter Claimant Century Construction and Realty, Inc.'s Motion [29] to Compel Arbitration and to Stay Proceedings is **GRANTED**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, the claims by and between Third-Party Defendant/Counter Claimant Century Construction Realty, Inc. and Third-Party Plaintiffs/Counter Defendants ReflecTech, Inc., J & L Properties, LLC, Larry R. Williamson, and Janice C. Williamson, are **STAYED** pending arbitration of those claims.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, in the event that arbitration is not concluded within one year from the date of entry of this Order, Third-Party Defendant/Counter Claimant Century Construction and Realty, Inc.

---

which contained an arbitration clause, the nonsignatory was not estopped from denying terms of arbitration agreement).

and Third-Party Plaintiffs/Counter Defendants ReflecTech, Inc., J & L Properties, LLC, Larry R. Williamson, and Janice C. Williamson, shall file a status report with the Court every sixty (60) days until the arbitration is concluded.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, the parties shall move to lift the stay within 30 days after the conclusion of the arbitration.

**SO ORDERED AND ADJUDGED**, this the 27th day of August, 2019.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE